IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS
CIVIL DIVISION

| | |
|---|---|
| SUSIE GRISSOM AND<br>LAKESHIA LOWE | PLAINTIFFS |
| v. | NO. 37CV-22-20-3 |
| UNION PACIFIC RAILROAD COMPANY | DEFENDANT |

**PLAINTIFFS' ORIGINAL COMPLAINT**

FILED 4:01 PM APR 19 2022
VALARIE CLARK
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Susie Grissom and Lakeshia Lowe, Plaintiffs, by and through their attorneys, and file this their Original Complaint against Defendant Union Pacific Railroad Company, and in support thereof would respectfully show unto the Court as follows:

## I.
## PARTIES

1. Plaintiffs Susie Grissom and Lakeshia Lowe are individual citizens and residents of the Lafayette County, Arkansas.

2. Defendant Union Pacific Railroad Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Omaha, Nebraska. Defendant operates as an interstate carrier subject to the jurisdiction of the U.S. Surface and Transportation Board. Defendant may be served with process through its registered agent, CT Corporation System, 5601 S 59th Street, Lincoln, Nebraska 68516.

## II.
## JURISDICTION AND VENUE

3. A substantial portion of the conduct giving rise to this action occurred in Lafayette County, Arkansas, and Plaintiffs' damages were sustained in Lafayette County, Arkansas. Jurisdiction and venue are therefore proper in this Court.

**EXHIBIT 1**

4. Defendant maintains and has maintained substantial contacts within the State of Arkansas. Specifically, Defendant regularly operates locomotives hauling products within and through the State of Arkansas, including at the time of the accident in question. This suit arises out of Defendants conduct committed in the State of Arkansas.

## III.
## FACTUAL BACKGROUND

5. On or about April 20, 2019 Plaintiffs' home located at 101 S Pecan in Stamps, Lafayette County, Arkansas caught fire. Plaintiffs immediately contacted 911 to request assistance with the fire, which was small at the time.

6. The Plaintiffs home is located less than one mile from the Stamps Fire Department.

7. Because of its short distance from the Stamps Fire Department, firefighters should have been able to reach Plaintiffs' home and extinguish the fire before it spread throughout the house. Unfortunately, a train operated by Defendant was blocking the only railroad crossing in Stamps that would allow firefighters to reach Plaintiffs' home. The crossing is known as the Pecan Street Crossing MP 385.44, DOT 787-633P.

8. Before the Stamps firefighters left their station the Lafayette County Emergency Management Director called and informed them that they could not get to the house through the Pecan Street Crossing because a train was blocking the tracks. The Lewisville Arkansas Fire Department was notified to respond to the fire. However, the Lewisville Fire Department is located more than five miles away from the scene of the fire, and would take approximately ten minutes to reach the fire. The Stamps Fire Department personnel left their station, and headed west on U.S. Highway 82 so they could follow the same course into Stamps from the west as the Lewisville Fire Department was utilizing. To make matters worse, downed power lines blocked U.S. Highway 82

between Stamps and Lewisville, so the Stamps Fire Department units were forced to turn around, return to Stamps and attempt to reach Plaintiffs home by crossing the tracks that were blocked at the Pecan Street Crossing. Defendants train cleared the crossing just after the Stamps Fire Department units reached it, finally allowing firefighters to reach Plaintiffs home, which was only one block from the railroad crossing.

9. The first engines would have reached the fire scene within three minutes of leaving the station had the crossing not been blocked by Defendants train. Instead, it took them approximately fifteen minutes to reach the scene. Had Defendant not blocked and continued to block the crossing in question, firefighters would have been able to contain the fire to a small portion of the home, before it spread to the rest of the home. Defendant failed to notify Lafayette County Emergency dispatch, the sheriff's office, the fire department or any local emergency management personnel that it was blocking the only crossing that would have allowed fire department units to reach the home. Had it done so, the responding fire department would have planned another route and been prepared for a fire incident on the other side of the railroad tracks.

10. As a direct and proximate result of Defendant blocking the crossing, and failing to move the train or break the car so traffic could pass the Plaintiffs home, contents, out building and vehicles were a total loss.

## IV.
## NEGLIGENCE

11. At the time of the occurrence in question, Defendant had a duty to exercise ordinary care not to block railroad crossings and deny emergency vehicles access to reach fire emergencies located on the opposite side of the crossing. Defendant breached that duty in one or more of the following ways:

- failing to keep the crossing in question open and otherwise allowing passage of local emergency vehicles through the crossing once they appeared with sirens and lights activated;

- failing and/or refusing to allow local emergency responders passage through the crossing in a timely manner;

- unreasonably impeding local emergency service vehicles from responding to the fire alarm;

- obstructing local emergency vehicles responding to a fire emergency;

- failing to properly yield to local emergency responders;

- failing to put in place safety procedures to allow for giving local emergency responders access to pass a crossing blocked by its parked train;

- failing to notify local authorities, including the county, city, fire department and emergency management officials that the crossing in question would be blocked for a prolonged period of time by a parked or slow moving train;

- failing to disconnect cars and move the train once the Defendant was aware that local emergency vehicles were blocked from reaching a fire;

- failing to take steps to move or disengage cars from the train so local emergency vehicles could reach the fire; and

- failing to exercise reasonable care and take appropriate action that would be commensurate with the unique, local and dangerous conditions of the railway crossing as the train crew and other Union Pacific Railroad Company employees knew or should have known that local emergency responders responding to the emergency were blocked by a train parked at that crossing.

## V.
## DAMAGES

12. As a direct and proximate result of Defendants negligence, Plaintiffs suffered the following damage:

   a. Loss of the home and outbuildings;

   b. Damages for loss of and damage to their home and personal property, including several vehicles and payment of deductibles, which exceeded the limits of insurance or was not otherwise covered by insurance, in the

        approximate amount of $200,000.00.

    c.    Other out-of-pocket expenses incurred as a result of the delay in receiving fire department assistance caused by Defendant.

## VI.
## JURY DEMAND

13.    Plaintiffs hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Susie Grissom and Lakeshia Lowe pray that Union Pacific Railroad Company be summoned to appear and answer herein, and that upon final hearing the Court award judgment against Defendant for Plaintiffs damages as follows:

1.    Reimbursement to Plaintiffs for their actual damages in the sum of $225,000.00;

2.    Pre-judgment and post-judgment interest at the maximum amount allowed by law;

3.    Costs of suit; and

4.    Any and all other relief to which Plaintiffs may be entitled.

April 19, 2022                          Respectfully submitted,

*/s/ W. David Carter*

W. David Carter
Arkansas State Bar No. 85025
MERCY ★ CARTER, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503
Telephone: (903) 794-9419
Fax.: (903) 794-1268
wdcarter@texarkanalawyers.com

ATTORNEYS FOR PLAINTIFF